PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN WHITWORTH,<br><br>Defendant. | CASE NO. 1:22-CR-00222-ADA-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: March 8, 2023<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**BACKGROUND**

This case is set for a status conference on March 8, 2023. This Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on March 8, 2023.

2. By this stipulation, defendant now moves to continue the status conference until May 10, 2023, and to exclude time between March 8, 2023, and May 10, 2023, under 18 U.S.C. § 3161(h)(7)(A),

B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes 5.34 gigabytes of discovery including investigative reports, audio and video footage, and related documents in electronic form. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendant desires additional time to consult with his client, review the current charges, review discovery, and to conduct investigation related to the charges.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government and the defense counsel have entered into plea negotiations with the hopes to resolve the case short of trial. The parties request additional time to discuss the terms of the potential plea in order to reach an agreement.

    e) Specifically, upon entering plea discussions the parties realized that the provisions of the Armed Career Criminal Act, 18 U.S.C Section 924(e) may apply to Whitworth. The government sought conviction records to determine whether the underlying convictions qualify. However, to date, the government has only received responsive conviction records for two out of the three potentially qualifying offenses. Therefore, the parties are unable to finalize terms of a potential deal until all conviction records have been received. This will allow the parties to determine whether the Armed Career Criminal act applies to the defendant. Both parties desire additional time to review conviction records and research the underlying law related to the Armed Career Criminal Act.

    f) The government does not object to the continuance.

    g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of March 8, 2023 to May 10, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 28, 2023                PHILLIP A. TALBERT
                                        United States Attorney

                                        /s/ ARIN C. HEINZ
                                        ARIN C. HEINZ
                                        Assistant United States Attorney

Dated: February 28, 2023                /s/ ROBERT LAMANUZZI
                                        ROBERT LAMANUZZI
                                        Counsel for Defendant
                                        BRIAN WHITWORTH

### **ORDER**

IT IS SO ORDERED that the status conference is continued from March 8, 2023, to **May 10, 2023 at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **February 28, 2023**            /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE